Dear Mr. Lorio:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointments to the South Louisiana Port Commission. You ask the following:
 1. Does the method of appointing the parish representative provided for in L.S.A. 34:2471A(1) also include the requirement of senate confirmation as per L.S.A. 34:2471 A(5)(b); and
 2. If L.S.A. 34:2471A(5)(b) applies to the parish appointment, what effect will there be on an appointment made by the Parish President and approved by 2/3 vote of the Parish Council, but which appointment has failed to receive senate confirmation.
This office observed in Atty. Gen. Op. No. 93-421 that prior to the effective date of Act 204 of 1993 R.S. 34:2471(5)(b) provided in regard to appointment to the South Louisiana Port Commission the following:
 (b) Each appointment by the governor shall be submitted to the Senate for confirmation.
This was amended and reenacted by Act 204 of 1993 to now provide as follows:
 (b) Each appointment shall be submitted to the Senate for confirmation.
Noting the deletion of the language "by the governor", it was observed, "We are of the opinion that the legislature intended this deletion to effectuate some change. To construe this language otherwise would render the amendment vain and useless." Accordingly, it was concluded as follows:
 This office is of the opinion that LSA-R.S. 34:2471 as amended now requires Senate confirmation of all
appointees. * * * As a result, those members appointed by the parish presidents who currently hold memberships on the commission must now receive Senate confirmation. Vacancies will exist in the current membership in those positions that remain unconfirmed by the Senate at the close of the 1993 Regular Legislative Session.
Therefore, in answer to your first question we have concluded that the appointments by Parish Presidents must be confirmed by the Senate and reaffirm that conclusion.
In response to your second question, we find for an appointment made by the Parish President and approved by the Parish Council but not confirmed by the senate, there would not be a confirmed appointee for the position. Therefore, when an individual fails to receive the confirmation, it is incumbent upon the Parish President to designate a new appointee, and following the effective date of Act 204 of 1993, confirmation is required by the senate. Upon expiration of the term of the member that is serving, the position becomes vacant, but in such a situation the person holding the position would continue to serve as a holdover from the expired term until a new appointee is confirmed in accordance with law. Atty. Gen. Op. No. 92-505, 505(A) 505(B)
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR